FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 2 7 2010 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————

UNITED STATES OF AMERICA,　　　　)　　09-CR-708-01
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　**Statement of Reasons Pursuant to**
　　　　　　　　　　　　　　　　　)　　**18 U.S.C. § 3553(c)(2)**
MIGUEL YANZA-PAILZACA　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　Defendant.　　　)
———————————————————————

**JACK B. WEINSTEIN, Senior United States District Judge:**

　　Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court must indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

　　The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted).

On January 21, 2009, Miguel Yanza-Pailzaca pled guilty to a single-count indictment, which charged that on September 8, 2009, the defendant, who had previously been deported after a felony conviction, was found in the United States, without the Secretary of the United States Department of Homeland Security having consented to the defendant's applying for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Yanza-Pailzaca was sentenced on January 21, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be 10 and defendant's criminal history category to be 3, yielding a guidelines range of imprisonment of between 8 and 14 months. The offense carried a maximum term of imprisonment of ten years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $3,000 to $30,000. Guideline 5E1.2(c)(3).

Miguel Yanza-Pailzaca was sentenced to time served and three years supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and Booker; given the nature and special circumstances of the case.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). While the offense is a serious

2

one, the defendant has accepted responsibility for his actions. His employer testified to his good character, honesty, and strong work ethic. He is also the provider for his family, and has a close relationship with them. A sentence of time served and 3 years supervised release reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal entry into the United States will result in punishment and likely deportation. Specific deterrence is achieved through deportation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his moral nature, strong ties to family, and reputation for honesty.

Jack B. Weinstein
Senior United States District Judge

Dated:
1\22\10
Brooklyn, New York